AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Tyrell Lee Johnson (YOB 1995) | ) ) ) ) ) | Case No. **24mj1609** |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  November 2, 2024  in the county of  San Juan  in the
  District of  New Mexico , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 | Crimes committed in Indian Country |
| 18 U.S.C. § 113(a)(3) | Assault with a dangerous weapon, with intent to do bodily harm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Lorraine Hardy, Special Agent
*Printed name and title*

Telephonically sworn and electronically signed.

Date: 11/03/2024

*Judge's signature*

City and state:  Farmington, New Mexico    Hon. B. Paul Briones, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>VS<br><br>Tyrell Lee Johnson<br>Year of birth: 1995 | Case No. _____<br><br><u>AFFIDAVIT IN SUPPORT OF<br>PROBABLE CAUSE ARREST</u> |

### **AFFIDAVIT IN SUPPORT OF A PROBABLE CAUSE ARREST**

I, Lorraine Hardy, being duly sworn, hereby depose and state as follows:

<u>INTRODUCTION AND AGENT BACKGROUND</u>

1. I make this affidavit is made in support of a Criminal Complaint and an Arrest Warrant for Tyrell Lee Johnson (hereinafter referred to as JOHNSON), year of birth 1995.

2. I am currently serving as an FBI Special Agent assigned to the FBI, Albuquerque Division, Farmington Resident Agency, where I primarily investigate crimes that occur in Indian Country to include homicide, aggravated assault, child sexual assault, kidnapping and rape. I have been with the FBI for approximately six years. I received on the job training from other experienced agents, detectives, Indian Country criminal investigators, and tribal police officers. My investigative training and experience include, but is not limited to, processing crime scenes, conducting surveillance, interviewing subjects and witnesses, writing affidavits for executing search warrants and arrest warrants, examining cellular telephones, managing confidential human sources and cooperating witnesses/defendants, serving subpoenas, collecting evidence and analyzing public records.

3. This affidavit is based upon information reported to me by other federal, state, tribal and local law enforcement officers during the course of their official duties. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are

1

those federal, state, and local law enforcement officers who have directly participated in this investigation. This affidavit is also based upon information gained from interviews with cooperating witnesses, whose reliability is established separately herein.

4. Based on my training, experience, and the facts set forth in this affidavit, there is probable cause to believe that JOHNSON violated federal criminal statutes 18 U.S.C. § 1153, crimes committed in Indian Country, 18 U.S.C. § 113(a)(3) assault with a dangerous weapon, with intent to do bodily injury.

5. Because this affidavit is being submitted for the limited purpose of securing authorization for a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to obtain the requested warrant.

## PROBABLE CAUSE

6. On or about November 2, 2024, at approximately 10:49 a.m., the Farmington Resident Agency of the FBI was notified by Navajo Nation Department of Criminal Investigations (NNDCI) of a woman (hereinafter referred to as JANE DOE), year of birth 1996, was physically assaulted and hit by a vehicle in Beclabito, New Mexico and taken to Northern Navajo Medical Center (NNMC) in Shiprock with injuries.

7. JANE DOE was interviewed by law enforcement at approximately 12:00 p.m. at NNMC. It was learned JANE DOE was traveling home with her sister, (hereinafter referred to as N.S.), year of birth 1983, to Phoenix, Arizona. N.S. was driving and JANE DOE was in the front passenger seat. Due to road construction and a single lane road ahead, N.S. stopped at a construction stop light in Beclabito, to await the green light. JANE DOE saw her ex-boyfriend JOHNSON pass them in his Toyota Sequoia. JOHNSON turned around and stopped his vehicle

behind N.S.'s vehicle. JANE DOE observed JOHNSON get out of his vehicle and start climbing into the back of N.S.'s vehicle. JANE DOE got out to talk to JOHNSON. JOHNSON did not say anything to JANE DOE but grabbed her by the neck and shoulders and started hitting her with his fists in the head. JOHNSON then stabbed JANE DOE in the abdomen with a black knife approximately eight inches long. JOHNSON got back into his vehicle and drove forward striking JANE DOE with his vehicle and knocking her down. JOHNSON reversed and sped off. JANE DOE stated she was afraid of JOHNSON and was concerned he would return to hurt her.

8. JANE DOE believed JOHNSON was angry because she and her children left him. JOHNSON had been trying to contact JANE DOE on her cell phone all morning, but she did not respond to him.

9. Your affiant observed JANE DOE in the Emergency Room during the interview. JANE DOE was lying flat on her back and was covered with blankets. JANE DOE had abrasions on her forehead, bruises and cuts on her right knee and both ankles. JANE DOE stated she had multiple bumps to the back of head and experienced pain when moving her jaw. I also observed a stab wound to JANE DOE's abdomen approximately two inches wide and what appeared to be blood on JANE DOE's hospital gown around her abdomen. JANE DOE had red marks on both the right and left sides of her neck. After being asked, JANE DOE stated she experienced incontinence during the incident. JANE DOE stated her pain level was an eight on a scale of one to ten.

10. Navajo Police Department (NPD) officers later located JOHNSON's vehicle, which they recognized because the front bumper had fallen off after striking JANE DOE. JOHNSON attempted to flee several times from officers but eventually stopped in Cudei, New Mexico. JOHNSON was taken into custody without incident. NPD officers located a black folding

pocketknife in JOHNSON's front pants pocket and a black cellular phone in the other front pocket. Both items were seized and later transferred to FBI evidence pending a search warrant and laboratory analysis.

11. After an interview with Emergency Room Doctor, (hereinafter referred to as C.N.) it was learned JANE DOE sustained abrasions and bruising to her forehead, right knee, both ankles and around her neck. JANE DOE had a stab wound to her abdomen of which C.N. was not certain of the severity yet. C.N. stated he believed JANE DOE may have lost consciousness at some point and may have a concussion. C.N. stated JANE DOE's injuries are potentially life threatening and he would know more after receiving the results of her C.T. scan.

12. Navajo Police Department (NPD) officers interviewed N.S. and it was learned N.S. and JANE DOE were traveling to Phoenix, Arizona where N.S. resided. N.S. stopped in Beclabito at a road construction stop light when she saw JOHNSON. JOHNSON pull up behind her and got out of his vehicle. JANE DOE got out to go talk to JOHNSON. N.S. also got out of the vehicle when JOHNSON started hitting JANE DOE. N.S. observed JOHNSON hit and kick JANE DOE multiple times as well as stab her in the abdomen with a black pocketknife. N.S. then observed JOHNSON get back into his vehicle and drive forward striking JANE DOE and knocking her down before reversing and driving off. N.S. jumped back inside her vehicle to get her cell phone to call police. N.S. stated several other vehicles most likely observed the incident as they were also waiting in line at the construction stop.

13. At approximately 1:30 p.m. your affiant and Navajo Nation Department of Criminal Investigation (NNDCI), Criminal Investigator (CI), Jefferson Joe interviewed JOHNSON at the NPD station in Shiprock, New Mexico. Prior to the interview NPD officers provided your affiant with a Breath Alcohol Test for JOHNSON which read 0.00 for alcohol. JOHNSON was read his Miranda Rights and agreed to speak with law enforcement.

14. JOHNSON stated he had been broken up with JANE DOE for approximately six months. They had two kids together, so JOHNSON regularly stopped by to visit and also had JANE DOE's house key. Around, 7:30 a.m. JOHNSON stopped by JANE DOE's residence in Tees Nos Pos, Arizona, to visit his children but JANE DOE was not there. JOHNSON attempted to contact JANE DOE on her cell phone multiple times stating he wanted to get back with JANE DOE. JANE DOE did not respond to JOHNSON's calls or messages. JOHNSON's brother had called and told him JANE DOE had taken their washing machine and left. JOHNSON left JANE DOE's house and passed JANE DOE and her sister on the Hwy in Beclabito. JOHNSON pulled up behind JANE DOE and attempted to get the washing machine from the back of N.S. vehicle. JANE DOE got out and they "got into it". JOHNSON told JANE DOE he just wanted to see his kids; JANE DOE agreed but JOHNSON did not believe her.

15. JANE DOE grabbed JOHNSON and JOHNSON grabbed JANE DOE. JOHNSON tried to hit JANE DOE but missed. JOHNSON admitted to kicking JANE DOE, but after seeing the situation he was causing, he stopped and tried to drive away. While driving away JOHNSON "bumped" JANE DOE with his vehicle and knocked her down. JOHNSON stated maybe JANE DOE jumped in front of his vehicle but later said "I don't think she did". JOHNSON later stated he did make contact with JANE DOE with his fist, because his knuckles on his right hand were hurting. JOHNSON stated he was sorry and regretted his actions.

16. JOHNSON stated JANE DOE has violent tendencies and has threatened JOHNSON that she would go to his grandmother's house and break all the windows. JANE DOE also told JOHNSON over text message that she hoped he died.

17. JOHNSON admitted to owning and carrying a knife but would never stab anyone. JOHNSON stated the front bumper on his vehicle was already messed up from before and was zip tied on. JOHNSON stated the bumper got loose after hitting JANE DOE.

18. JOHNSON stated he no longer wanted to speak and that concluded his interview.

19. The reported incident took place on Hwy 64 of Beclabito, New Mexico, GPS coordinates 36.832499, -109.020870, which is within the exterior boundaries of the Navajo Nation.

20. JOHNSON and JANE DOE are certified member of the Navajo Nation.

## CONCLUSION

21. Based on my training, experience, and the facts as set forth in this affidavit, your affiant submits there is probable cause to believe JOHNSON violated federal criminal statutes, 18 U.S.C. § 1153, crimes committed in Indian Country, 18 U.S.C. § 113(a)(3) assault with a dangerous weapon, with intent to do bodily harm.

22. Supervisory Assistant United States Attorney Elisa Dimas reviewed and approved this affidavit for legal sufficiency to establish probable cause.

Electronically SUBSCRIBED and telephonically SWORN to me on November __3rd__, 2024.

_____
Lorraine Hardy
Special Agent
Federal Bureau of Investigation

_____
B. Paul Briones
United States Magistrate Judge

6